U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 2 4 2010

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ROBERT RICHARD TAYLOR II,** § <br> Petitioner, § <br> § <br> v. § <br> § <br> **RICK THALER, Director,** § <br> **Texas Department of Criminal Justice,** § <br> **Correctional Institutions Division,** § <br> Respondent. § | Civil Action No. 4:10-CV-277-Y |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Robert Richard Taylor II, TDCJ #1530454, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Navasota, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. FACTUAL AND PROCEDURAL HISTORY

Taylor is serving two 10-year sentences and two 15-year sentences, concurrently, on his 2008 state court convictions for possession of child pornography and possession with intent to promote child pornography in Tarrant County, Texas. The history relevant to his convictions is set forth in the findings and conclusions in *Abrego v. Thaler*, Civil Action No. 4:09-CV-089-A. This is the second federal petition for writ of habeas corpus filed by Taylor in which he challenges the 2008 convictions. His previous petition was denied on February 4, 2010. *Id.* Additionally, Taylor challenges five prison disciplinary proceedings in disciplinary case nos. 20090178239, 20090228296, 20100038194, 20100143397, 20100197118, resulting in loss of recreation and commissary privileges and reduction in line class status. (Disciplinary Hrg. R. at 2, 7, 11 & 16)[1] Thaler has filed a motion to dismiss the petition as successive and for failure to state a cognizable claim. (Resp't Mtn. to Dismiss at 8-15)

## D. ISSUES

Taylor raises the following grounds for relief:

(1) Denial of due process in disciplinary proceedings;
(2) Ineffective assistance of trial counsel;
(3) Prosecutorial misconduct;
(4) Judicial malfeasance;
(5) Violation of prison policies and procedures, government codes, case law and constitutional guidelines by respondent (Pet'r Mem. of Law, "New Grounds" II -IX); and
(6) Harassment and collusion by prison staff (Pet'r Mem. of Law, "New Grounds" X-XIII).

(Pet. at 7-8; Pet'r Mem. in Support at 2-13)

---

[1]Respondent Thaler did not provide the disciplinary hearing or grievance records for disciplinary case no. 20100038194.

E. **RULE 5 STATEMENT**

Thaler reserves the right to raise any and all defenses. (Resp't Mtn. to Dismiss at 8)

F. **DISCUSSION**

**ISSUE (1): Denial of Due Process in Disciplinary Proceedings**

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). With regard to the temporary recreation and commissary restrictions, such punishments present no issues of constitutional magnitude. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Furthermore, contrary to his assertion, Taylor has no constitutionally protected interest in his prison custodial classification level, even though the change may have reduced the rate at which he earns good time credits. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996). The Disciplinary Hearing Records confirm that Taylor did not lose previously earned good time credits. Therefore, his punishment does not implicate any protected liberty interests. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where previously earned good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent some constitutionally protected liberty interest, due process does not attach to a prison disciplinary proceeding.

**Issue (2): Ineffective Assistance of Trial Counsel**
**Issue (3): Prosecutorial Misconduct**
**Issue (4): Judicial Malfeasance**

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition

3

is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Because Taylor did or could have raised the issues in his prior federal petition, the petition is successive as to these grounds. Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Taylor has not demonstrated that he has obtained leave to file a petition including these issues from the United States District Court of Appeals for the Fifth Circuit. Thus, this court is without jurisdiction to consider the issues. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

### Issue (5): Violation of Prison Policies and Procedures, Government Codes, Case Law and Constitutional Guidelines by Respondent
### Issue (6) Harassment and Collusion by Prison Staff and Officials

Taylor claims Thaler and other prison officials have failed to follow the prison's own administrative rules and regulations, however such violations do not by themselves rise to the level of constitutional violations giving rise to a claim for federal habeas corpus relief. *See Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d 710, 711 (5th Cir. 1986); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).

Finally, Taylor claims that he faces systemic problems, such as inadequate law libraries and library closures, limiting inmates' access to the courts, that prison staff acts with impunity to harass, sometimes sexually, inmates who it is their duty to protect, and that if he is moved to a higher security unit it will be a direct reprisal for his legal activities. These claims are largely conclusional, with no support in law or fact. Taylor states that he has retained documentary evidence in support

of his claims to avoid possible destruction by prison staff and/or because he cannot make copies and fears the court will not return the originals. (Pet'r Mem. in Support at 13) Absent evidence in the record, however, a court cannot consider a habeas petitioner's bald assertions on a critical issue to be of probative value. *Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983).

## II. RECOMMENDATION

Taylor's petition for writ of habeas corpus should be DENIED as to Issues (1), (5) and (6). Thaler's motion to dismiss should be GRANTED and Taylor's petition dismissed as to Issues (2)-(4), without prejudice to his right to file a motion for leave to file a successive petition in the United States District Court of Appeals for the Fifth Circuit.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 15, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the

aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 15, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September __24__, 2010.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE