IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

ROBERT RICHARD TAYLOR II,     §
      Petitioner,             §
VS.                           §   CIVIL ACTION NO.4:10-CV-277-Y
                              §
RICK THALER,                  §
Director, T.D.C.J.            §
Correctional Institutions Div., §
      Respondent.             §

      ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
         AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Robert Richard Taylor II under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 24, 2010; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on October 12, 2010.

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, that the respondent's motion to dismiss should be granted, in part, and the grounds for relief in the petition for writ of habeas corpus should be denied in part, and dismissed, in part, for the reasons stated in the magistrate judge's findings and conclusions. In particular, grounds two, three, and four (as enumerated by the magistrate judge) challenging Taylor's 2008 convictions: that is (2) ineffective assistance of trial counsel; (3) the convictions were obtained as a result of prosecutorial misconduct; and (4) judicial malfeasance; shall be dismissed without prejudice to Taylor's right to file a motion for leave to file a successive petition in the United states Court of

Appeals for the Fifth Circuit. Grounds one, five, and six (as listed by the magistrate judge): that is (1) denial of due process of law during disciplinary proceedings; (5) violation of prison policies and procedures, government codes, and constitutional guidelines by respondent; and (6) harassment and collusion by prison staff; shall be denied.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.[1]

Thaler's motion to dismiss (doc. 11) is GRANTED such that grounds two through four will be dismissed without prejudice to Taylor's right to file a motion for leave to file a successive petition.

Petitioner Taylor's grounds for relief one, five, and six in the petition for writ of habeas corpus are DENIED, and Taylor's grounds for relief two, three, and four in the petition for writ of habeas corpus are DISMISSED WITHOUT PREJUDICE to Taylor's right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive petition.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[2] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order

---

[1] The Court notes that Taylor's prior petition under 28 U.S.C. § 2254 in this Court, *Taylor v. Thaler,* No. 4:09-Cv-089-A, was incorrectly identified in the report as "*Abrego v. Thaler.*" The Court modifies and corrects this citation.

[2] *See* FED. R. APP. P. 22(b).

adverse to the applicant."[3] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[4] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[5]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Taylor has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the September 24, 2010, Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[6]

Therefore, a certificate of appealability should not issue.

SIGNED November 2, 2010.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[3] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[4] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[5] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

[6] *See* FED. R. APP. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).